**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC L. CHILCOTE, Sr.,** | : | **No. 3:25-CV-1300** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK J. BISIGNANO,**[1] **Commissioner of Social Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

## I. Introduction

Plaintiff Eric L. Chilcote, Sr. appeals the decision by the Commissioner of Social Security Administration ("the Commissioner") to deny his applications for disability benefits. Chilcote seeks judicial review of the Commissioner's final decision to deny his applications for social security disability benefits under Title II and supplemental security income under Title XVI of the Social Security Act. The Court

[1] Frank Bisignano was confirmed as the Commissioner of the Social Security Administration on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d) and Title 42, United States Code, Section 405(g), Bisignano is substituted as the defendant in this suit.

has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United Sates Code, Section 636(c).

Chilcote avers that Administrative Law Judge ("ALJ") Scott Staller erred when determining that he was not disabled under the Social Security Act. Namely, Chilcote claims that the ALJ erred when evaluating his residual functional capacity by finding the opinion of Chilcote's primary care physician, Dr. Vincent Barnhart, unpersuasive. Doc. 9 at 5. The matter is fully briefed and ripe for decision.

As explained below, ALJ Staller's conclusion was supported by substantial evidence in the record, coupled with sufficient reasoning to permit meaningful judicial review. Accordingly, the Court affirms the Commissioner's decision to deny Chilcote's claims for social security disability benefits.

## II. <u>**Background**</u>[2]

On May 22, 2023, Chilcote applied for social security disability benefits, and on September 12, 2023, he applied for supplemental security income benefits, alleging complete disability from a variety of

[2] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

physical and psychiatric impairments. Tr. 11, 327. The Social Security Administration ("SSA") denied Chilcote's applications on July 25, 2023, and again upon reconsideration on November 6, 2023. *Id.* at 11. Chilcote accordingly requested an administrative hearing on December 14, 2023, and received one on July 24, 2024. *Id.*

Following the hearing, on August 19, 2024, ALJ Staller issued a decision concluding that Chilcote was not disabled between the operative dates of December 31, 2018, through the date of the decision. *Id.* at 14–33. Chilcote's subsequent appeal to the SSA's Appeals Council was denied on May 19, 2025. *Id.* at 1–4. Chilcote then initiated this action with the Court on July 16, 2025. *Id.* The Commissioner provided the transcripts from the disability proceedings on April 19, 2025. Doc. 6. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 9, 11, 13.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are

supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to reweigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of

reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when ALJ fails to resolve conflicts created by countervailing evidence).

**B. Evaluation of Dr. Barnart's Opinion**

Chilcote challenges ALJ Staller's residual functional capacity determination, premising that he "erred while considering the supportability and consistency of the opinion of Dr. Barnhart, Plaintiff's primary care physician." Doc. 9 at 5. Specifically, Chilcote disagrees with the ALJ deeming Dr. Barnhart's opinion unpersuasive, as other factors in the record militated otherwise. *Id.* at 6–13. A divergence of

opinion on an ALJ's persuasiveness finding, however, does not warrant remand where, as here, the ALJ's finding was premised on substantial evidence and sufficiently articulated to permit judicial review.

Under the current regulations, medical opinions are not entitled to any specific weighting, and are instead evaluated based on their persuasiveness. 20 C.F.R. §§ 404.1520c(a), 404.1520c(b). An ALJ determines the persuasiveness of a prior medical finding or medical opinion by assessing five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F. R. § 404.1520c(a)–(c). The factors related to the substance of medical opinions–supportability and consistency–are the "most important factors" for consideration. 20 C.F.R. § 404.1520c(b)(2). Examining supportability entails a review of the opinion's basis in relevant "objective medical evidence and supporting explanations presented by a medical source"; consistency is assessed based on how consistent a finding or opinion is "with the evidence from other medical sources and nonmedical sources in the claim[.]" 20 C.F.R. § 404.1520c(c)(1)–(2).

Since an ALJ's duty of articulation requires just "some indication" of their consideration of probative evidence, *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000), an ALJ's assessment of a medical opinion's consistency and supportability "need not discuss every piece of evidence in the record," and instead only requires the building of "an accurate and logical bridge between the evidence and the result." *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (quotation omitted) (citations omitted). Further, in assessing whether an ALJ has provided an adequate analysis for rejecting or accepting an opinion, the court must look at the opinion as a whole, not only the part directly addressing the particular opinion. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) ("the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that [claimant] did not meet the requirements for any listing[.]").

Here, ALJ Staller conducted an extensive review of Dr. Barnhart's historical treatment of Chilcote, while evaluating his non-severe impairments. Tr. 15–16 (citing Ex. 7F). The ALJ reviewed Chilcote's history of treatment for back pain, his shoulder problems, and his mental health impairments, among other things. *Id.* Subsequently,

when specifically evaluating Dr. Barnhart's opinion, ALJ Staller reviewed the recommended limitations on Chilcote's physical abilities, his attention deficiencies, and abilities to function in a workplace setting. *Id.* at 22 (citing Ex. 8F). After setting forth an extensive summary of those records and Dr. Barnhart's opinion, the ALJ deemed it non-persuasive, reasoning:

> While the undersigned recognizes that this opinion was rendered by the claimant's primary care provider, the undersigned recognizes that the limitations expressed therein were noted by the provider to be applicable since June 1, 2020, not the amended alleged onset date in this case. Although the undersigned agrees with the limitation stated as to climbing of ladders, the remainder of the limitations expressed in this opinion are too extensive in light of the record indicating that the claimant initially was not entirely compliant with wearing a boot as directed, the improvement in right ankle pain the claimant realized with physical therapy, imaging that has shown healing of the claimant's right ankle fractures and improvement in the previous cartilage injury, the absence of documentation of treatment with an orthopedic or pain management provider relating to right hip pain, right hip imaging that has shown mild findings, the additional improvement the claimant reported experiencing in pain and right ankle and hip symptoms with use of medical marijuana and chiropractic treatment, the record that does not document assistive device use after summer of 2020, notes of treatment after summer of 2020 that describe the claimant's gait as normal and exhibition of 5/5 motor strength and intact sensation and the absence of documentation indicating that the claimant has taken steps to lose weight, as well as the record that does not document any significant, consistent problems with hand, arm or finger use. The mental

> limitations stated in this opinion are not supported by the absence of documentation of any specialized treatment for mental health symptoms after the amended alleged onset date or documentation of medication management with a primary care provider aside from use of medical marijuana for mental health symptoms or the record that does not reflect the claimant's aggressive or inappropriate behavior directed toward others or exhibition of significant, consistent cognitive, attention or memory deficits. For these reasons, this opinion is not persuasive.

*Id.* at 22–23.

In reaching that conclusion, the ALJ specifically acknowledged that Dr. Barnhart served as Chilcote's treating physician, but noted that the recommended limitations did not arise until approximately one and one-half years after the alleged onset of disability. *Id.* at 22. And after agreeing with Dr. Barnhart's recommended limitation on climbing ladders, ALJ Staller specifically identified the record evidence refuting other aspects of the opinion, including improvements to physical functioning from treatments. *Id.* at 22–23. ALJ Staller also found Dr. Barnhart's recommended mental limitations for Chilcote generally unsupported in the record. *Id.* at 23. Accordingly, the ALJ deemed the opinion non-persuasive. *Id.*

The analysis leading to that conclusion demonstrates that ALJ Staller considered the relevant evidence for consistency and

supportability, and built accurate and logical connections between the relevant evidence and the result, thus enabling the Court to review his reasoning. *See Gamret*, 994 F. Supp. 2d at 698; *Jones*, 364 F.3d at 505. Although Chilcote agrees with that analysis and highlights other evidence in the record that he deems consistent with Dr. Barnhart's recommended limitations, Doc. 9 at 8–13, "[a] written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence." *Phillips v. Barnhart*, 91 F. App'x 775, 780 n.7 (3d Cir. 2004) (internal citation omitted). Here, that standard is met, and an ALJ need not undertake an exhaustive discussion of all of the evidence. *See*, *e.g.*, *Fargnoli*, 247 F.3d at 42; *Hur*, 94 F. App'x at 133 ("There is no requirement that the ALJ discuss in her opinion every tidbit of evidence included in the record."). In essence, Chilcote asks the Court to reweigh the evidence and deem Dr. Barnhart's opinion persuasive, but "[c]ourts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

As ALJ Staller assessed the weight of the evidence and cited to "such relevant evidence as a reasonable mind might accept as adequate to support" his conclusion concerning Dr. Barnhart's opinion, *Pierce*, 487 U.S. at 565, Chilcote's disagreement with that determination does not warrant remand. Rather, the ALJ's evaluation is supported by substantial evidence in the record and is sufficiently articulated to permit judicial review, mandating affirmance. *Gamret*, 994 F. Supp. 2d at 698; *Ficca*, 901 F. Supp. 2d at 536 ("Factual findings which are supported by substantial evidence *must* be upheld.").

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court affirms the Commissioner's decision. A separate Order shall be issued.

Date: September 30, 2026

***<u>s/ Phillip J. Caraballo</u>***
Phillip J. Caraballo
United States Magistrate Judge